UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-cr-40020-JPG-002 |
| TROY A. SMITH, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 60) and its supplement (Doc. 71).   The Government has responded to the motion (Doc. 76).   As a preliminary matter, the parties dispute whether the defendant exhausted his remedies as set forth in the statute before filing the motion.

The exhaustion of remedies portion of 18 U.S.C. § 3582(c)(1)(A) provides that the defendant may file a motion for compassionate release after the earlier of two events:   (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   As a practical matter, (2) will almost always provide the relevant exhaustion mark because it is virtually impossible to exhaust the BOP's comprehensive administrative remedy process within 30 days.

The 30-day period is mandated by statute and is therefore not waivable or excusable by the Court.   Exhaustion requirements may be waived or excused if Congress does not mandate them.   For example, in *McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992), the Supreme Court held that exhaustion was waivable for *Bivens* actions at the court's discretion in special circumstances. However, that was before Congress mandated exhaustion in the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a), and the *McCarthy* Court noted, "Where Congress specifically

mandates, exhaustion is required," *McCarthy*, 503 U.S.. at 144.   This was borne out in *Ross v. Blake*, 136 S. Ct. 1850 (2016), a post-PLRA case.   There, the Supreme Court held that, in light of Congress's clear mandate of exhaustion in the PLRA, a court has no discretion to excuse the failure to exhaust available administrative remedies.   *Id.* at 1856-57.

The same is true for Congress's clear exhaustion requirement in the First Step Act's compassionate release provision.   *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding defendant's failure to exhaust "presents a glaring roadblock foreclosing compassionate release"); *see United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *5 (6th Cir. June 2, 2020); *United States v. Banks*, No. 03-cr-40019-JPG, 2020 WL 3077316, at *2 (S.D. Ill. June 10, 2020); *but see Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring in judgment).   Where an inmate has not satisfied either option for exhausting his administrative remedies for compassionate release *before* filing his motion, the Court should deny the defendant's motion without prejudice to another motion filed *after* exhaustion.   *Alam*, 2020 WL 2845694, at *5.

Here, the defendant has not submitted any evidence that he exhausted his remedies as set forth in 18 U.S.C. § 3582(c)(1)(A).   The Court therefore **ORDERS** that the defendant shall have 30 days to supplement his motion with evidence that he satisfied the exhaustion requirement *before* he filed his motion.   If he either fails to respond within 30 days or fails to show that he satisfied the exhaustion requirement before filing his motion, then the Court will deny his motion without prejudice.   In the meantime, the Court **RESERVES RULING** on the motion.

The Court reminds Smith that if the warden, indeed, did not receive a request from him before he filed his motion, the most expeditious way to bring the substantive question of compassionate release before the Court might be to seek to voluntarily withdraw his pending motions without

prejudice, exhaust his remedies in one of the two foregoing ways, and then refile a new motion after exhaustion.

**IT IS SO ORDERED.**
**DATED:   July 15, 2020**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**