UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TROY A. SMITH,<br><br>    Defendant. | Case No. 16-cr-40020-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Troy A. Smith's *pro se* motion (Doc. 60) and sealed supplemental motion (Doc. 71) for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)). The Government has responded that Smith has failed to exhaust his administrative remedies (Doc. 76). Smith has provided additional information at the Court's request concerning his efforts to exhaust (Doc. 78).

**I.**  **Compassionate Release**

The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release (after exhausting administrative rights to appeal) rather than only allowing the Director of the Bureau of Prisons to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>  (1) in any case—
>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set

> forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction. . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

## II.     Exhaustion of Remedies

The Government asks the Court to deny Smith's motion for failure to exhaust administrative remedies. The exhaustion of remedies portion of 18 U.S.C. § 3582(c)(1)(A) provides that the defendant may file a motion for compassionate release after the earlier of two events: (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." As a practical matter, (2) will almost always provide the relevant exhaustion mark because it is virtually impossible to exhaust the BOP's comprehensive administrative remedy process within 30 days. Thus, the Court asks whether the defendant waited 30 days after the warden received a relevant request before filing this motion.

The 30-day period is mandated by statute and is therefore not waivable or excusable by the Court. Exhaustion requirements may be waived or excused if Congress does not mandate them. For example, in *McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992), the Supreme Court held that exhaustion was waivable for *Bivens* actions at the court's discretion in special circumstances. However, that was before Congress mandated exhaustion in the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a), and the *McCarthy* Court noted, "Where Congress specifically mandates, exhaustion is required," *McCarthy*, 503 U.S.. at 144. This was borne out in *Ross v. Blake*, 136 S. Ct. 1850 (2016), a post-PLRA case. There, the Supreme Court held that, in light of Congress's clear mandate of exhaustion in the PLRA, a court has no discretion to excuse the failure to exhaust available administrative remedies. *Id.* at 1856-57.

The same is true for Congress's clear exhaustion requirement for the First Step Act's compassionate release provision. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding defendant's failure to exhaust "presents a glaring roadblock foreclosing compassionate release"); *see United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020); *United States v. Banks*, No. 03-cr-40019-JPG, 2020 WL 3077316, at *2 (S.D. Ill. June 10, 2020); *but see Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring in judgment). Where an inmate has not satisfied either option for exhausting his administrative remedies for compassionate release *before* filing his motion, the Court should deny the defendant's motion without prejudice to another motion filed *after* exhaustion. *Alam*, 960 F.3d at 836.

Smith is housed at the Federal Medical Center at Lexington, Kentucky ("FMC-Lexington"). On April 16, 2020, Smith submitted a request to staff "to be considered for Home Confinement or Sentence Reduction due to my concerns of Corona Virus 19 and what it could do with my Health," and then he lists his specific health conditions (Doc. 78-1 at 4). On April 22, 2020, Smith submitted a Request for Administrative Remedy to the FMC-Lexington warden stating that he has "asked you to consider me for 3582 and or 3624 under Extraordinary compelling circumstances that I feel the threat of Covid-19 could cause me in the event I would contract in Here" (Doc. 78-1 at 5). The BOP construed the request as seeking home confinement under another provision of the First Step Act, § 102, Pub. L. No. 115-391, 132 Stat. 5194, 5210-13 (2018) (codified at 18 U.S.C. § 3624(g)), and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020). The warden denied the request on May 20, 2020 (Doc. 78-1 at 7).

Smith's administrative requests are properly construed as seeking compassionate release *in addition to or as an alternative to* home confinement, although the BOP only recognized the home confinement request. In his request to staff, he included a request for "a sentence reduction" in light of the danger COVID-19 posed to him in light of his health. And his request for an administrative

3

remedy to the FMC-Lexington warden cited "3582" and "extraordinary compelling circumstances," which is reasonably construed to point to 18 U.S.C. § 3582(c)(1)(A), the statute authorizing compassionate release for extraordinary and compelling reasons. While the BOP was reasonable to construe Smith's request to be for home confinement, the Government cannot now claim Smith failed to ask for compassionate release simply because the BOP failed to recognize that Smith had, in fact, made such a request.

So now the question is whether either Smith's May 5, 2020, *pro se* motion or his June 15, 2020, motion to the Court are premature in light of his April 22, 2020, request to the warden for compassionate release. The First Step Act requires Smith to wait 30 days—until May 22, 2020—to file a motion. Thus, his May 5, 2020, motion is premature and will be denied accordingly. However, his counsel-drafted June 15, 2020, motion is fine and will be considered after further response from the Government.

### III.   Conclusion

For these reasons, the Court:

- **DENIES** Smith's *pro se* motion for compassionate release **without prejudice** (Doc. 60); and

- **ORDERS** that the Government shall have up to and including November 20, 2020, to respond to the substantive issues raised in Smith's motion (Doc. 71), and Smith shall have up to and including December 4, 2020, to reply.

**IT IS SO ORDERED.**
**DATED:  November 6, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
