UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>TROY A. SMITH,<br><br>        Defendant. | Case No. 16-cr-40020-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Troy A. Smith's *pro se* motion (Doc. 95) for reconsideration of the Court's March 30, 2021, order (Doc. 94) denying his request for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 71).  He also asks the Court for an evidentiary hearing.  The Court denied Smith's motion for compassionate release on the grounds that, although there may have been extraordinary and compelling reasons supporting release—Smith's health and vulnerability to COVID-19—those reasons did not warrant immediate release in light of the factors in 18 U.S.C. § 3553(a), including the continuing danger Smith posed to the safety of others in the community notwithstanding his health condition.  It did, however, recommend that the BOP give Smith priority for the COVID-19 vaccine, and it later found out that Smith had been fully vaccinated before entry of the Court's order.  The Court further pointed out that it did not have jurisdiction to entertain Smith's motion for placement on home confinement.

Smith now asks the Court to reconsider its decision to deny compassionate release.  He argues that consideration of the § 3553(a) factors at his sentencing did not adequately anticipate or account for the COVID-19 pandemic, and that his health has deteriorated since his sentencing in part because he contracted COVID-19 and now requires a wheelchair and breathing apparatus.  He suggests his sentencing was problematic because it punished him for far larger amounts of drugs than he was

actually responsible for.  He further cites his father's ill health and his mentally challenged brother's need for care.  He suggests immediate release to supervised release with a condition of home detention would be appropriate.

Although not mentioned specifically in the Federal Rules of Criminal Procedures, motions for reconsiderations in criminal cases are proper and, if filed within the appeal period, will defer the running of that period until the motion is resolved.  *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6 (1991); *United States v. Dieter,* 429 U.S. 6, 8 n.3 (1976); *United States v. Healy,* 376 U.S. 75, 77-80 (1964)).  Such a motion may be appropriate where the Court "has misapprehended the issues, where a significant change in the law has occurred, or where significant new facts have been discovered." *United States v. Hicks*, No. 18-CR-227, 2021 WL 1663556, at *2 (E.D. Wis. Apr. 28, 2021) (citing *United States v. Redmond*, No. 3:14-cr-30109-NJR, 2020 WL 7342712, at *1 (S.D. Ill. Dec. 14, 2020)).  This rule allows district courts the opportunity to correct their own alleged errors before burdening a court of appeals with correcting them.  *Dieter*, 429 U.S. at 8; *Healy*, 376 U.S. at 80; *Rollins*, 607 F.3d at 502.

Smith has pointed to no misunderstanding or error in the Court's exercise of its discretion to deny him compassionate release or to any material change in facts since that decision.  He merely disagrees with the Court's ultimate conclusion, but has pointed to nothing that amounts to an abuse of discretion.  Therefore, the Court **DENIES** Smith's motion for reconsideration (Doc. 95).  The Court encourages him, though, to re-apply to the warden of his institution for compassionate release again should there be a significant deterioration in his health in the future.

**IT IS SO ORDERED.**
**DATED:  May 21, 2021**

                                                    s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**